1  David Greifinger, Attorney at Law (SBN 105242)
   15515 Sunset Blvd., No. 214
2  Pacific Palisades, California 90272
   Telephone (434) 330-0193 Facsimile (831) 920-4864
3  e-mail: tracklaw@me.com

4  Kenneth M. Lipton (SBN 82342)
   5900 Sepulveda Blvd., Suite 400
5  Van Nuys, CA 91411-2580
   Telephone (818) 780-3562
6  e-mail: kenlipto998431@aol.com

7  Attorneys for Plaintiffs,
   KRISTA KAHL, CAROLYN CLEM, LENELL TIMBERLAKE, and MICHAEL VOSS
8

9              UNITED STATES DISTRICT COURT

10       NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

11

| 12 | KRISTA KAHL, CAROLYN CLEM, LENELL TIMBERLAKE, and MICHAEL VOSS, on behalf of themselves and all others similarly situated, | CASE NO. 3:23-cv-00985-AGT |
|----|---|---|
| 13 | | CLASS ACTION |
| 14 | Plaintiffs, | FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND CIVIL PENALTIES |
| 15 | v. | |
| 16 | PLENTYOFFISH MEDIA, ULC, a Vancouver, Canada Unlimited Liability Company, and DOES 1 through 100, Inclusive. | 1. Violation of Civil Code section 51.5
2. Violation of Civil Code section 51.6, subdivision (b)
3. Unfair Business Practices (Business and Professions Code section 17200, et seq.) |
| 17 | | |
| 18 | | |
| 19 | Defendants. | |
| 20 | | |
| 21 | | Judge: Hon. Alex G. Tse |

22

23                      **PREFACE**

24       All allegations in this complaint are based upon information and belief except for those

25  allegations that pertain to the named plaintiffs or their counsel. Plaintiffs' information and belief

26  is based upon, inter alia, the investigation conducted to date by plaintiffs and their counsel. Each

27  allegation in this complaint either has evidentiary support or is likely to have evidentiary support

28  after a reasonable opportunity for further investigation and discovery.

                                                                                    1

**THE PARTIES**

1. PLAINTIFF KRISTA KAHL:

    (A) Is an individual female who resides in San Mateo County, California; and

    (B) Utilized the Plenty of Fish dating website within the applicable limitations period in San Mateo County in the State of California.

    (C) Has complied with DEFENDANT'S informal dispute process requirements.

2. PLAINTIFF CAROLYN CLEM:

    (A) Is an individual female who resides in Los Angeles County, California; and

    (B) Utilized the Plenty of Fish dating website within the applicable limitations period in Los Angeles County in the State of California.

    (C) Has complied with DEFENDANT'S informal dispute process requirements.

3. PLAINTIFF LENELL TIMBERLAKE:

    (A) Is an individual male who resides in Los Angeles County, California; and

    (B) Utilized the Plenty of Fish dating website within the applicable limitations period in Los Angeles County in the State of California.

    (C) Has complied with DEFENDANT'S informal dispute process requirements.

4. PLAINTIFF MICHAEL VOSS:

    (A) Is an individual male who resides in Los Angeles County, California; and

    (B) Utilized the Plenty of Fish dating website within the applicable limitations period in Los Angeles County in the State of California.

    (C) Has complied with DEFENDANT'S informal dispute process requirements.

5. PLAINTIFFS are informed and believe, and allege that PLENTYOFFISH MEDIA, ULC, is, and at all relevant times was:

1      (A) A Vancouver, Canada Unlimited Liability Company authorized to conduct
2 business, and actually conducting business, in the State of California; and
3      (B) The owner and operator of the Plenty of Fish dating website.
4   6. The true names and capacities, whether individual, corporate, partnership,
5 associate or otherwise of DEFENDANTS Does 1 through 100, inclusive, are unknown to the
6 PLAINTIFFS who therefore sue these DEFENDANTS by those fictitious names. The CLASS
7 will seek leave to amend this complaint to allege the true names and capacities of Does 1 through
8 100, inclusive, when they are ascertained.
9   7. PLAINTIFFS are informed and believe, and based upon that information and
10 belief allege, that the DEFENDANTS named in this complaint, including Does through 100,
11 inclusive, are responsible in some manner for one or more of the events and happenings that
12 proximately caused the injuries and damages alleged in this complaint.
13   8. PLAINTIFFS are informed and believe, and allege, that each of the
14 DEFENDANTS, including Does 1 through 100, inclusive, in performing or omitting to perform
15 the acts alleged in this complaint, was, at various times, acting within the course and scope of his
16 or her employment, authority, or apparent authority as an employee, agent and/or representative
17 of the other DEFENDANTS. PLAINTIFFS are further informed and believe, and allege, that at
18 various other times the DEFENDANTS, in performing or omitting to perform the acts alleged in
19 this complaint, acted outside the course and scope of the employment, authority, or apparent
20 authority; did not utilize or operate through any corporations or businesses; and were not
21 engaged in any business activities whatsoever, but rather, were acting outside the realm of any
22 business and are individually liable for all damages alleged in this complaint, jointly and
23 severally.
24   9. PLAINTIFFS are informed and believe, and based upon that information and
25 belief allege, that each DEFENDANT named in this complaint, including Does 1 through 100,
26 inclusive, knowingly and willfully acted in concert, conspired and agreed together among
27 themselves and entered into a combination and systemized campaign of activity to, inter alia,
28 damage the PLAINTIFFS and to otherwise consciously and/or recklessly act in derogation of the

PLAINTIFFS' rights, and the trust reposed by PLAINTIFFS in each of the DEFENDANTS, with the acts being negligently and/or intentionally inflicted. The conspiracy, and DEFENDANTS' concerted actions, were such that, to the PLAINTIFFS' information and belief, and to all appearances, DEFENDANTS, and each of them, represented a unified body so that the actions of one DEFENDANT were accomplished in concert with, and with knowledge, ratification, authorization, and approval of each of the other DEFENDANTS.

10.  PLAINTIFFS are informed and believe, and allege, that each of the DEFENDANTS named in this complaint, including Does 1 through 100, inclusive, is, and at all times mentioned was, the agent, servant and/or employee of each of the other DEFENDANTS and that each DEFENDANT was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other DEFENDANTS. Consequently, all of the DEFENDANTS are jointly and severally liable to PLAINTIFFS and the CLASS for the damages sustained as a proximate result of their conduct.

## JURISDICTION AND VENUE

11.  This action has been removed from state court by the originally named defendant on the basis that this court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). This action is brought under rule 23 of the Federal Rules of Civil Procedure; Civil Code sections 51.5 and 51.6; and Business and Professions Code section 17200 et seq. PLAINTIFFS bring this action on their own behalf, on behalf of all persons in the defined class, and as private attorneys general on behalf of the general public.

12.  Venue is proper in this court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

13.  CLASS DEFINITION

The PLAINTIFF CLASS (the CLASS) consists of the following individuals:

Subclass A:

"All California residents who utilized the Plenty of Fish website in the State of California at any time between one year and 60 days prior to the filing of the original complaint, and the present."

Subclass B:

"All female California residents who utilized the Plenty of Fish website in the State of California at any time between one year and 60 days prior to the filing of the original complaint, and the present."

## **CLASS TREATMENT**

13. The persons who comprise the CLASS are so numerous that joinder of all of them is impracticable, and the disposition of their claims will benefit the parties and the Court. The claims of the PLAINTIFFS are typical of the claims of the CLASS that PLAINTIFF seeks to represent. The PLAINTIFFS will fairly and adequately protect the interests of the CLASS that they seek to represent. The PLAINTIFFS do not have any interests antagonistic to the CLASS that they seek to represent. Counsel for the PLAINTIFFS are experienced, qualified and generally able to conduct complex class-action litigation.

14. This action meets the prerequisites to be maintained as a class action under rule 23(a) of the Federal Rules of Civil Procedure because:

  (A) The CLASS is so numerous that joinder of all members is impracticable;

  (B) There are questions of law or fact common to the CLASS;

  (C) The claims or defenses of the representative parties are typical of the claims or defenses of the CLASS; and

  (D) The representative parties will fairly and adequately protect the interests of the CLASS.

15. This action should be maintained as a class action under rule 23(b) of the Federal Rules of Civil Procedure because rule 23(a) is satisfied and:

  (A) Prosecuting separate actions by or against individual CLASS members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conflict for DEFENDANT;

  (B) DEFENDANT has acted or refused to act on grounds that apply generally to the CLASS, so that final injunctive relief is appropriate respecting the

1 | CLASS as a whole; or
2 | (C) Questions of law or fact common to CLASS members predominate over
3 | any questions affecting only individual members, and a CLASS action is
4 | superior to other available methods for fairly and efficiently adjudicating
5 | the controversy.

## THE CONDUCT

16. DEFENDANT PLENTYOFFISH MEDIA, ULC is the owner and operator of the Plenty of Fish dating website (the Website), which is available by subscription to the adult public in the State of California.

17. The Website is designed for users to find potential matches for dating.

18. The Website requires users to input personal information, including their ages and gender.

19. The Website includes a search engine that permits users to identify characteristics for desired matches, including age ranges and gender.

20. The Website's search engine automatically restricts the age range for potential matches, whether or not the user desires such a restriction.

21. Upon information and belief, the age-range restrictions on the Website's search engine are narrower for women than men.

22. Each of the PLAINTIFFS during the statutory period searched for matches outside of the age range permitted by the Website's search engine and were thus prevented from viewing potential matches covering their entire desired age ranges.

23. Under the DEFENDANT'S informal dispute procedures, the applicable statutes of limitation were tolled starting October 4, 2022, for 60 days.

**First Cause of Action for Violation of the Unruh Act (Civ. Code, § 51.5, subd. (a))**

**(All Plaintiffs)**

24. PLAINTIFFS reallege and incorporate by reference, as though fully set forth, paragraphs 1 through 22 of this complaint.

25. Civil Code section 51.5, subdivision (a) prohibits California business

establishments from discriminating on the basis of age and gender.

26. DEFENDANT violated Civil Code section 51.5, subdivision (a) by restricting PLAINTIFFS' searches of potential dating matches based on PLAINTIFFS' ages.

27. Upon information and belief, the age-range restrictions on the Website's search engine are narrower for women than men.

28. PLAINTIFFS and all other CLASS members (Subclass A) suffered damages resulting from DEFENDANT'S age-based discrimination by being unable to obtain potential dating matches outside of DEFENDANTS' arbitrary age-based limitations.

29. PLAINTIFFS CAROLYN KLEM and KRISTA KAHL and all other female CLASS members (Subclass B) suffered damages resulting from DEFENDANT'S gender-based discrimination in that they did not have equal access to the same age range for prospective dating matches as men on the Website solely because of their gender.

30. Under Civil Code sections 51.5, subdivision (a) and 52, subdivision (a), PLAINTIFFS and each CLASS member are each entitled to actual damages; an amount equal to three times the actual damages, but in no case less than $4,000; and attorney's fees.

**Second Cause of Action for Violation of the Gender Tax Repeal Act of 1985**

**(Civ. Code, § 51.6, subd. (b))**

**(Plaintiffs Carolyn Klem and Krista Kahl)**

31. PLAINTIFFS reallege and incorporate by reference, as though fully set forth, paragraphs 1 through 29 of this complaint.

32. Upon information and belief, the age-range restrictions on the Website's search engine are narrower for women than men.

33. Civil Code section 51.6, subdivision (b) prohibits California business establishments from discriminating with respect to the price charged for services of similar or like kind against a person because of the person's gender.

34. DEFENDANT violated Civil Code, section 51.6, subdivision (b) by providing greater goods and services to patrons than it did to PLAINTIFF, or lesser goods and services to PLAINTIFF than it did to male patrons, all on account of PLAINTIFF'S gender.

7

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

35. PLAINTIFFS CAROLYN KLEM and KRISTA KAHL suffered damages by receiving lesser goods and services than male patrons who paid the same fees in that she did not have equal access to the same age range for prospective dating matches as men on the Website solely because of her gender.

36. Under Civil Code sections 51.6, subdivision (d) and 52, subdivision (a), PLAINTIFFS CAROLYN KLEM and KRISTA KAHL and each female CLASS member (Subclass B) are entitled to actual damages; an amount equal to three times the actual damages, but in no case less than $4,000; and attorney's fees.

**Third Cause of Action for Violation of Business and Professions Code Section 17200 et seq.**

**(All Plaintiffs)**

37. PLAINTIFFS reallege and incorporate by reference as though fully set forth, paragraphs 1 through 35 of this complaint.

38. PLAINTIFFS bring this claim on behalf of themselves, all persons similarly situated, and the general public.

39. DEFENDANT PLENTYOFFISH MEDIA, ULC is a "person" as that term is defined under Business and Professions Code section 17201.

40. Since one year and 60 days before the filing of this complaint, and at all relevant times, by and through the conduct described in this complaint, DEFENDANT has engaged in unfair and unlawful practices by restricting the potential dating matches on the Website for its users based on those users' ages, violating Civil Code sections 51.5, subdivision (a) and 51.6, subdivision (b), and has thereby deprived the CLASS of fundamental rights and privileges guaranteed to all persons under the Civil Code.

41. By and through the unfair and unlawful business practices described in this complaint, DEFENDANT has obtained valuable property, money and services from the CLASS, and has deprived the CLASS of valuable rights and benefits guaranteed by the law, all to their detriment.

42. All of the acts described as violations of, among other things, the Civil Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive,

and unscrupulous, and constitute unfair and unlawful business practices in violation of Business and Professions Code section 17200 et seq.

43. PLAINTIFFS are entitled to, and do, seek relief necessary to restore to themselves and the CLASS the money and property that DEFENDANT has acquired, or of which the CLASS has been deprived, by means of DEFENDANT'S unfair and unlawful business practices.

44. PLAINTIFFS are further entitled to, and do, seek a declaration on behalf of themselves and the CLASS that the DEFENDANT'S business practices are unfair and unlawful and that injunctive relief should be issued restraining DEFENDANT from engaging in any of these unfair and unlawful business practices in the future.

35. PLAINTIFFS have no plain, speedy, and/or adequate remedy at law to redress the injuries that he and the CLASS have suffered as a consequence of the DEFENDANT'S unfair and unlawful business practices. As a result of these unfair and unlawful business practices, the CLASS has suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices. In addition, DEFENDANT should be required to restore payments for the use of the Website to the CLASS.

## **PRAYER**

**WHEREFORE**, PLAINTIFFS pray for judgment as follows:

1. ON THE FIRST CAUSE OF ACTION:
   A. For compensatory damages, according to proof;
   B. For general damages, according to proof;
   C. For an amount equal to up to three times each CLASS member's actual damages, but not less than $4,000 for each CLASS member; and
   D. For attorney's fees.

2. ON THE SECOND CAUSE OF ACTION:
   A. For compensatory damages, according to proof;
   B. For general damages, according to proof;
   C. For an amount equal to up to three times each CLASS member's actual damages, but not less than $4,000 for each CLASS member; and

      D.    For attorney's fees.

  3.    <u>ON THE THIRD CAUSE OF ACTION</u>:

      A.    For restitution;

      B.    For injunctive relief ordering the continuing unfair business acts and practices to cease, or other order the court deems just and proper; and

  4.    <u>ON ALL CAUSES OF ACTION</u>:

      A.    For reasonable attorneys' fees;

      B.    For costs of suit;

      C.    For prejudgment interest; and

      D.    For other and further relief this court deems just and proper.

DATED: March 31, 2023      **LAW OFFICES OF DAVID R. GREIFINGER**

*/s/David Greifinger*
By: DAVID R. GREIFINGER, ESQ.
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: March 31, 2023      **LAW OFFICES OF DAVID R. GREIFINGER**

*/s/David Greifinger*
By: DAVID R. GREIFINGER, ESQ.
Attorney for Plaintiffs

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT