UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KRISTA KAHL, et al.,<br><br>               Plaintiffs,<br><br>        v.<br><br>PLENTYOFFISH MEDIA, ULC,<br><br>               Defendant. | Case No.  23-cv-00985-AGT<br><br>**ORDER ON MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 13 |

Plentyoffish Media ULC has moved to compel the plaintiffs to arbitrate their claims. The plaintiffs allege that Plentyoffish Media violated California law by "restrict[ing] the age range for potential matches" on the Plenty of Fish dating app. FAC ¶ 20.

The plaintiffs all agreed to Plentyoffish Media's terms of use when they created accounts on the dating app. *See* Dkt. 13-1, Gradin Decl. ¶¶ 2–8. Those terms included an arbitration agreement, but the plaintiffs contend that the arbitration agreement is unconscionable and shouldn't be enforced. *See* Opp'n, Dkt. 14 at 6–11.

Unconscionability is a "gateway" issue, which is traditionally resolved in court before arbitration commences. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). But the parties to an arbitration agreement can agree "to arbitrate a gateway issue." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). The parties here did just that.

*Rent-A-Center* is a helpful comparison case. There, the parties included in their arbitration agreement a provision that assigned to the arbitrator "exclusive authority to resolve any dispute relating to the enforceability of this Agreement." *Id.* at 71 (simplified). The Supreme Court held that this "delegation provision" was valid and enforceable, and that pursuant to it,

the respondent's argument that the arbitration agreement was unconscionable—and thus unenforceable—was for an arbitrator, not a court, to decide. *See id.* at 68–75.

Provisions similar to the one at issue in *Rent-A-Center* were agreed to here. Plentyoffish Media has amended its terms of use several times, but all four plaintiffs agreed to a version of the terms that incorporated either the JAMS Streamlined Arbitration Rules and Procedures or the NAM Comprehensive Dispute Resolution Rules and Procedures. *See* Gradin Decl., Ex. 7, Terms of Use § 15(a)(1); Exs. 8 & 9, Terms of Use § 15(c), (d). Those incorporated rules specify that challenges to the validity of the arbitration agreement are for the arbitrator, not the Court, to decide. *See* Dkt. 13-2, Brown Decl., Ex. 2, JAMS Rule 8(b) ("[D]isputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator."); *Id.*, Ex. 1, NAM Rule 17(B) ("The Arbitrator(s) shall have the authority to determine . . . any issue regarding the validity, existence, formation or scope of the agreement under which Arbitration is being sought . . . .").

The plaintiffs haven't asserted that these delegation clauses are unenforceable. And because they haven't "challenged the delegation provision[s] specifically, . . . any challenge to the validity of the [arbitration agreement] as a whole [is] for the arbitrator." *Rent-A-Center*, 561 U.S. at 72; *see also Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."). The Court will therefore leave for the arbitrator the question of whether the arbitration agreement as a whole is unconscionable.

Two of the plaintiffs make an additional argument in opposition to Plentyoffish Media's motion to compel. They note that certain arbitration terms are not included in Plentyoffish's April 17, 2019, terms of use, and are available only through a hyperlink that appears in the terms. *See* Gradin Decl., Ex. 7, Terms of Use § 15(a)(1). The plaintiffs contend that this structure resulted in the omission of material terms from the arbitration agreement, which meant that there was "no meeting of the minds." Opp'n, Dkt. 14 at 11.

This argument, too, relates to the formation and validity of the arbitration agreement. It is thus another argument for the arbitrator, not the Court. *See* Brown Decl., Ex. 2, JAMS Rule 8(b) ("[D]isputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator."); *accord id.*, Ex. 1, NAM Rule 17(B).

Plentyoffish Media's motion to compel is granted. The plaintiffs are compelled to arbitrate their claims pursuant to Plentyoffish Media's terms of use. The case is dismissed without prejudice. *See Forrest v. Spizzirri*, 62 F.4th 1201, 1204–05 (9th Cir. 2023) ("[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.") (simplified). The plaintiffs can "file a new action to confirm or vacate any arbitration award," if necessary. *Id.* at 1206.

**IT IS SO ORDERED.**

Dated: June 13, 2023

Alex G. Tse
United States Magistrate Judge